UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

SUE SIMMONS,

  Plaintiff,                              CASE NO.:

v.

BLUESTEM BRANDS, INC. d/b/a
FINGERHUT.

  Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, Sue A. Simmons, by and through the undersigned counsel, and sues Defendant, Bluestem Brands, Inc. d/b/a Fingerhut (hereinafter "Bluestem"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.      The TCPA was enacted to prevent companies like Bluestem from invading American citizen's privacy and to prevent abusive "robo-calls."

2.      "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to

rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling."  *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.     Venue is proper in this District as Plaintiff resides within this District (Trimble County, Kentucky), the violations described in this Complaint occurred in this District and the Defendant transacts business within Trimble County, Kentucky.

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person, and citizen of the State of Kentucky, residing in Trimble County, Kentucky.

9.     Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.     Defendant, Bluestem, is a corporation formed in Delaware with its principal place of business located at 6509 Flying Cloud Dr., Eden Prairie, MN 55344 and which conducts business in the State of Kentucky.

11.     Bluestem called Plaintiff approximately five hundred (500) times since September 1, 2015, in an attempt to collect on an alleged debt.

12.     Upon information and belief, some or all of the calls Bluestem made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she received prerecorded messages from Bluestem.

3

13.     Plaintiff is the regular user and carrier of the cellular telephone number (502) ***-5254, was also the regular user and carrier of the cellular telephone number (502) ***-8632 before changing numbers, and was the called party and recipient of Defendant's calls.

14.     Beginning on or about September 1, 2015, Bluestem began bombarding Plaintiff's cellular telephone at the time, (502) ***-8632 (hereinafter "8632 number"), in an attempt to collect on an outstanding debt.

15.     Beginning or about December, 2015, due to the tremendous amount of automated calls she was receiving from Bluestem, Plaintiff changed cellular telephone numbers to her current number of (502) ***-5254 (hereinafter "5254 number") to avoid Bluestem, however after only a week or two, Bluestem began bombarding Plaintiff's current cellular telephone number as well.

16.     Shortly after the calls originally began, on or about October 2015, Plaintiff answered a call from Bluestem on her 8632 number and informed Bluestem's agent that she wished for the calls to stop.

17.     Bluestem's automated calls did not abate and on or about December 2015, Plaintiff once again answered a call from Bluestem and reiterated her wish for the calls to cease.

18.     Despite on two occasions, clearly revoking any consent Bluestem may have had to call her 8632 number, Bluestem continued to place an onslaught of automated calls to Plaintiff's cellular telephone which prompted her to change cellular telephone numbers in an attempt to once and for all stop the Bluestem calls.

19.     Plaintiff at no point had ever provided Bluestem with her current 5254 number to call, Bluestem never had permission or consent from the Plaintiff to be called at her 5254 number, and how Bluestem acquired her 5254 number is unknown to Plaintiff.

20.     A week or two after changing numbers to her current 5254 number, Bluestem began placing automated calls to her 5254 number.

21.     On or about January 31, 2016, at 1:35 pm, Plaintiff answered a call from Bluestem on her 5254 number and instructed Bluestem's agent that she wished for the calls to stop.

22.     On or about March 30, 2016, Plaintiff once more answered a call from Bluestem on her 5254 number and instructed Bluestem's agent that she wished for the calls to stop.

23.     Due to the length of time and tremendous amount of automated calls she received, Plaintiff was not able to properly catalogue each and every call, however attached hereto as **Exhibit 1** is Plaintiff's log of some of the calls she has received since January 21, 2016 to her 5254 number. All the calls listed in Exhibit 1 came from telephone number 844-761-0813.

24.     As of the filing of this Complaint, Plaintiff is still receiving calls from Bluestem to her 5254 number.

25.     Bluestem has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

26.     Bluestem has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Bluestem, to remove the number.

27.     Bluestem's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Bluestem they do not wish to be called.

28.     Bluestem has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

29.     Bluestem has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

30.     Bluestem has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

31.     Bluestem's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Bluestem's call list.

32.     Bluestem has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

33.     Not one of Bluestem's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

34.     Bluestem willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
## (Violation of the TCPA)

35.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-four (34) as if fully set forth herein.

36.     Bluestem willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Bluestem that Plaintiff wished for the calls to stop

37.     Bluestem repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Bluestem for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Andrea Wasson*
Andrea L. Wasson, Esquire
WASSON & THORNHILL, PLLC
3000 Breckenridge Lane
Louisville, KY 40220
(502) 964-7878
(855) 257-9256 FAX
andrea@wassonthornhill.com
Attorney for Plaintiff

7